IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.

JORGE JUAN RIZO OLMEA, individually, and on
behalf of others similarly situated,

    Plaintiff,

v.                                          **CLASS ACTION**

BUSPATROL AMERICA, LLC, MIAMI-DADE
COUNTY, and THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, FL,

    Defendants.
_____

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JORGE JUAN RIZO OLMEA ("Plaintiff" or "Olmea"), individually, and on behalf of all others similarly situated, hereby files suit against Defendants, BUSPATROL AMERICA, LLC ("BusPatrol"), MIAMI-DADE COUNTY ("MDC"), and THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FL ("School Board") (collectively, "Defendants"). In support, Plaintiff alleges as follows:

**INTRODUCTION**

1.  This lawsuit arises from an alliance among Defendants, which implemented a school bus safety camera program ("Camera Program"). This Camera Program systematically issued over 120,000 traffic violation notices to unsuspecting drivers without providing a meaningful or accessible process to challenge these fines, in direct violation of the Plaintiff and the proposed Class's right to procedural due process as guaranteed under the Fourteenth

1

Amendment of the United States Constitution. These actions not only deprived citizens of Miami-Dade County of their property without lawful justification but also enriched the Defendants at the expense of the public under questionable legal and ethical circumstances.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the U.S. Constitution and 42 U.S.C. § 1983.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because the Defendants reside in this district.

4. Plaintiff Jorge Juan Rizo Olmea is a resident of Miami-Dade County, Florida.

5. Defendant BusPatrol America, LLC is a Delaware limited liability company that entered into a contract with MDC and the School Board to install and operate school bus safety cameras.

6. Defendant Miami-Dade County is a municipal entity responsible for law enforcement and traffic regulations through its agencies, including the Miami-Dade Police Department.

7. Defendant School Board of Miami-Dade County, Florida is responsible for the administration of educational services and operations within Miami-Dade County, including transportation services.

## FACTUAL ALLEGATIONS

8. Florida law makes it unlawful for motorists to pass a school bus that is displaying a stop signal until said signal is withdrawn. § 316.172, Fla. Stat.

9. Florida permits a school district to contract with a private vendor or manufacturer to install a school bus infraction detection system on any school bus within its fleet, whether owned, contracted, or leased, and for services including, but not limited to, the installation, operation, and maintenance of the system, for the sole purpose of improving public safety. § 316.173, Fla. Stat.

10. On January 17, 2024, Defendants entered into an Interlocal Agreement ("Agreement"), authorizing the enforcement of school bus stop signal violations and allowing for revenue generation from citations issued through a camera program.

11. Pursuant to agreements between the Defendants, BusPatrol: (i) acts under the color of Florida law, by performing the traditionally public function of enforcing Florida statutes; and (ii) has a close relationship with MDC and the School Board, which involves ongoing bilateral communications, the installation of equipment on vehicles owned and operated by the School Board, and revenue sharing.

12. The Agreement was executed without proper bid and review processes, prioritizing revenue over legal compliance and due process.

13. Under the Camera Program, BusPatrol installed cameras on school buses operated by the School Board at no cost, in exchange for 70% of the revenue received through fines imposed.

14. The Camera Program works by activating cameras installed on school buses when the stop lights are activated, and recording the license plate of vehicles passing in the opposite direction using video and still photographs.

15. BusPatrol purportedly sends video and pictures of passing vehicles to be evaluated by police officers.

16. Police officers purport to review the video and still photographs and certify that the vehicle identified was operated in violation of Florida Statutes "based on an inspection of the recorded video and images showing the motor vehicle involved in the violation."

17. A Notice of Violation ("Notice") is then sent to the registered owner of the vehicle in the video and still photograph.

18. The Camera Program, managed by BusPatrol, has issued over 120,000 Notices, as of December 19, 2024, to drivers in Miami-Dade County.

19. Each purported violation of Florida law enforced through the Camera Program results in a fine of $225.00 (the "Civil Penalty"). § 318.18, Fla. Stat.

20. Since its inception, the Camera Program has generated $19.5 million from Civil Penalties; BusPatrol receives a 70% share of the revenue, and the School District receives a 30% share of the revenue.[1]

21. Plaintiff and the Class members received a Notice by U.S. Mail, which demanded "You are required to pay a civil penalty of $225.00 by the due date indicated on this Notice." The Notice also includes a Police Department Certification, complete with a police officer's name and identification number, statutory language, and a deadline to pay.

22. Further, the Notice threatens that failure to pay the demanded will result in the issuance of a Uniform Traffic Citation ("UTC"), which may require a court appearance.

23. The Notice also includes a section called Contesting Liability, where Plaintiff and the Class members "may request a hearing to contest liability or the Notice of Violation by completing and mailing the contestation form" included in the Notice.

---

[1] https://www.miamiherald.com/news/local/education/article300615279.html (last visited March 5, 2025).

4

24. Although BusPatrol created the appearance of a mechanism to Contest Liability, upon information and belief, no substantive procedure was in place. As such, Defendants have failed to provide a process for those cited to attend a hearing and contest their Notices, thus effectively denying those that received a Notice their constitutional right to due process.

25. Despite numerous complaints and media coverage highlighting these issues, Defendants have made no substantial efforts to rectify the program or facilitate a fair contestation process.

26. This failure occurred despite public outcry and evidence suggesting many violations were incorrectly issued.

27. The absence of a substantive process to contest liability has caused financial and emotional harm to thousands of individuals unjustly cited by the program; many of whom paid the fine to avoid a UTC and a court appearance.

28. Defendants have financially benefitted from the fines collected under this flawed enforcement mechanism. These fines have been imposed and collected without due consideration of statutory compliance or the constitutional rights of the affected drivers, leading to significant unjust enrichment at the expense of thousands of citizens.

**CLASS REPRESENTATIVE FACTUAL ALLEGATIONS**

29. On January 22, 2025, Olmea received a Notice of Violation (NOV) (Notice # MDC-3740144) as part of the School Bus Safety Program, imposing a fine of $225.00.

30. Faced with the potential repercussions of a UTC and a deadline to pay by March 6, 2025, Olmea reluctantly paid the fine.

31. Had there been an opportunity to contest liability, Olmea would have pursued a hearing to contest the Notice.

32. Consequently, Olmea incurred unjust financial damages amounting to $225.00 due to the lack of due process.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of a class consisting of all individuals who have received unjust traffic violation notices from Defendants' automated school bus camera enforcement program since its implementation.

34. The members of the Class are so numerous that individual joinder of all members is impracticable. Upon information and belief, the Class includes thousands of individuals who have been similarly affected by Defendants' conduct.

35. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. These common legal and factual questions include, but are not limited to:

   a. <u>Common legal questions</u>

      i. Whether Defendants' actions in enforcing traffic violations via automated cameras without a proper appeal or mechanism to contest liability violate the due process rights of Plaintiff and the Class.

      ii. Whether Defendants have been unjustly enriched by retaining fines collected from improperly issued traffic violation notices.

   b. <u>Common factual questions</u>

      i. Whether the Plaintiff and the Class were provided a mechanism to contest liability;

      ii. Whether Plaintiff and the Class were fined the same amount of money.

36. The claims of the Plaintiff are typical of the claims of the Class. Plaintiff, like all members of the Class, was issued a traffic violation Notice based on the automated camera system and has been denied a fair opportunity to contest that notice.

37. The Plaintiff will fairly and adequately protect the interests of the Class and retained counsel competent and experienced in class action and civil rights litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. The class ("Class") comprises of:

All persons similarly situated who have received a Notice from BusPatrol through the Camera Program operated jointly by Defendants, pursuant to which a civil cash penalty in the amount of $225.00 was imposed, that was due between the date of inception of the Camera Program and March 6, 2025.

## CAUSES OF ACTION

### COUNT I – Violation of 42 U.S.C. § 1983
### (against BusPatrol, MDC, and the School Board)

40. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 39.

41. Plaintiffs are drivers who are citizens of and reside in Florida.

42. Plaintiffs have a property interest in not being requested or compelled to pay improper and illegal fines that lack a lawful basis and due process for contestation.

43. At all relevant times, BusPatrol was contracted by the School Board and MDC to install and operate automated traffic enforcement systems aimed at detecting traffic violations around school buses.

44. BusPatrol, MDC, and the School Board undertook the challenged conduct pursuant to express contractual provisions regarding the enforcement of traffic laws and the issuance of fines.

45. BusPatrol, acting under the color of state law facilitated by its contract with Miami-Dade County and the School Board, denied each Plaintiff (and the Class) their property

interests by issuing unjustified traffic violation notices and, for some class members, collecting fines based on these notices.

46. The actions of BusPatrol, MDC, and the School Board violated clearly established constitutional rights that have existed in the United States since the drafting of the Constitution—specifically, the right to due process of law under the Fourteenth Amendment. Accordingly, the constitutional property rights were clearly established at the time these Defendants deprived the Plaintiffs and the Class of said rights.

47. Given the conduct described above, Plaintiffs' and the Class's rights to substantive due process (here Plaintiffs' and the Class's Fourteenth Amendment rights not to have their property—money—taken or be subject to attempts to take their property without a lawful basis) were violated by BusPatrol, Miami-Dade County, and the School Board, all acting under the color of state law.

48. Given the conduct described above, Plaintiffs' and the Class's rights to procedural due process (including but not limited to, a means by which Plaintiffs and the Class could receive sufficient notice, the right to an impartial arbiter, the right to give testimony and admit relevant evidence at hearings) were violated by BusPatrol, which acted under the color of state law as authorized by its contractual relationship with MDC and the School Board.

49. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983, Plaintiffs have suffered injuries and damages.

## COUNT II – Unjust Enrichment
### (against Bus Patrol and the School Board)

50. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 39.

51. By the acts alleged herein, BusPatrol and the School Board received a benefit from Plaintiff and the Class in the form of fines imposed on and collected from class members in the manner alleged herein.

52. The retention of that benefit by BusPatrol and the School Board would be unjust because the amounts were collected in a manner that violated Plaintiff and the Class's due process rights.

53. By the facts alleged herein, equity demands that BusPatrol and the School Board disgorge themselves of this benefit and that the benefit be returned to Plaintiffs and the Class.

## **CONCLUSION**

**WHEREFORE**, Plaintiff, Jorge Juan Rizo Olmea, individually and on behalf of all others similarly situated, demand:

a. Certification of the proposed Class in paragraph 39;

b. Appointment of the Named Plaintiffs as representatives of the Class;

c. Appointment of the undersigned counsel as counsel for the Class;

d. A judgment that Defendants' actions, described fully above, violate 42 U.S.C. § 1983 and constitute unjust enrichment, requiring disgorgement of all fines paid to Defendants;

e. An award to Plaintiffs' Class of any monies paid pursuant to the unlawful conduct set forth herein, pre- and post-judgment interest, statutory damages, compensatory damages, exemplary damages, attorneys' fees, costs, and litigation expenses, and punitive damages, as allowed by law, including § 1983;

f. An order requiring Defendants to relieve any class members of the obligation to pay any outstanding fines demanded based on the unlawful conduct set forth herein; and

g. For such other and further relief as this Court deems just and equitable.

Date: March 5, 2025.

Respectfully submitted,

**MORENO PERDOMO, PLLC**
5000 S.W. 75th Avenue, Suite 400
Miami, FL 33155
Phone: 786-224-5093

*/s/ Gino Moreno*
Gino Moreno, FBN: 112099
gmoreno@morenoperdomo.com
Arlenys Perdomo, FBN: 115561
aperdomo@morenoperdomo.com

*Co-Counsel for Plaintiff and the Putative Class*

**ROBERT STRONGARONE, P.A.**
20134 SW 79th Court
Cutler Bay, FL 33189
Phone: 786-543-3223

*/s/ Robert Strongarone*
Robert Strongarone, FBN: 118931
bob@robertstrongaronepa.com

*Co-Counsel for Plaintiff and the Putative Class*